UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE SZYMANSKI,

        Plaintiff,

v.                                                  CASE NO. 12-12067
                                                  HON. DENISE PAGE HOOD

MICHAEL C. EAGEN, SONIA WARCHOCK,
and the MICHIGAN PAROLE BOARD,

        Defendants.
_____/

**ORDER DENYING LEAVE TO PROCEED
WITHOUT PREPAYMENT OF THE FEES AND COSTS FOR THIS ACTION,
DISMISSING THE COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g),
AND DENYING LEAVE TO APPEAL WITHOUT
PREPAYMENT OF THE APPELLATE FEES AND COSTS**

      Plaintiff Eugene Szymanski has filed a *pro se* complaint for the writ of mandamus and a motion for suspension of the fees and costs for this action. Plaintiff is a state prisoner at Carson City Correctional Facility in Carson City, Michigan. He alleges that the defendants deprived him of due process on January 26, 2012, by failing to assert substantial and compelling reasons for denying him release on parole.

      Under the "three strikes" provision of the Prison Litigation Reform Act of 1995 (PLRA), a prisoner may not bring a civil action or appeal without prepayment of the filing fee if, on three or more prior occasions, while incarcerated or detained in any facility, the prisoner brought a federal action or appeal that was dismissed as frivolous, as malicious, or for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(g). An exception exists when "the prisoner is under imminent danger of serious

physical injury." *Id.* Petitions for the writ of mandamus are "civil actions" for purposes of § 1915(g). *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996).

Three or more of Plaintiff's prior complaints have been dismissed as frivolous. *See Szymanski v. Wayne County Jail, et al.,* No. 5:96-cv-60010 (E.D. Mich. Mar. 6, 1996); *Szymanski v. Detroit Police Dep't, et al.*, 4:96-cv-40426 (E.D. Mich. Jan. 24, 1997); *Szymanski v. Gheesling, et al.*, No. 2:95-cv-73577 (E.D. Mich. Jan. 10, 1996); *Szymanski v. Zilli, et al.*, No. 2:95-cv-72428 (E.D. Mich. July 31, 1995); *Szymanski v. Peppler*, No. 2:89-cv-73061 (E.D. Mich. Nov. 14, 1989).[1] Furthermore, nothing in the complaint suggests that Plaintiff is imminent danger of serious physical harm, and he may not use a mandamus petition to evade the requirements of the PLRA. *In re Brown*, 409 F. App'x 591, 593 (3d Cir. 2011). Thus, Plaintiff is not exempt from the "three strikes" rule, and he may not proceed without prepayment of the filing fee for this action.

Accordingly, Plaintiff's motion for suspension of fees and costs [Docket No. 2, filed May 8, 2012] is **DENIED** and his complaint for a writ of mandamus [Docket No. 1, filed May 8, 2012] is summarily **DISMISSED** without prejudice for failure to prepay the filing fee. If Plaintiff chooses to appeal this decision, he must prepay the appellate filing fee because he is prohibited by § 1915(g) from proceeding without prepayment of the appellate fees and costs.

Dated: July 26, 2012      S/Denise Page Hood
                          Denise Page Hood
                          United States District Judge

---

[1] Civil rights dismissals entered before the PLRA was enacted on April 26, 1996, may be counted as "strikes" for purposes of § 1915(g). *Wilson v. Yaklich,* 148 F.3d 596, 604 (6th Cir.1998).

**12-12067 Symanski v. Eagen, et al
Order Denying Leave to Proceed Without Prepayment of Fees, etc.**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 26, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager