UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EUGENE SZYMANSKI,

        Plaintiff,

v.                                      CASE NO. 12-12067
                                          HON. DENISE PAGE HOOD

MICHAEL C. EAGEN, SONIA WARCHOCK,
and the MICHIGAN PAROLE BOARD,

        Defendants.

_____/

### ORDER DENYING PLAINTIFF'S MOTION TO REMOVE THE "STRIKES AND TO ALLOW HIM TO PROCEED *IN FORMA PAUPERIS*

On May 8, 2012, plaintiff Eugene Szymanski initiated this action by filing a *pro se* complaint for the writ of mandamus and a motion for suspension of fees and costs. Plaintiff is a state prisoner, and he alleged in his complaint that the defendants deprived him of due process on January 26, 2012, by failing to assert substantial and compelling reasons for denying him release on parole. On July 26, 2012, the Court denied Plaintiff's application for leave to proceed without prepayment of the filing fee and dismissed the complaint pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). Currently pending before the Court is Plaintiff's motion to remove the "strikes" and to allow him to proceed *in forma pauperis.*

Under the "three strikes" provision of the Prison Litigation Reform Act of 1995, a prisoner may not bring a civil action without prepayment of fees and costs if, on three or more prior occasions, while incarcerated or detained in any facility, the prisoner filed a federal lawsuit that was dismissed as frivolous, as malicious, or for failure to state a claim

on which relief may be granted.  28 U.S.C. § 1915(g).  An exception to the rule exists when "the prisoner is under imminent danger of serious physical injury."  *Id.*

Plaintiff does not dispute that three or more of his previous complaints were dismissed as frivolous.  He argues in the pending motion that § 1915(g) violates his right of access to the courts and his right to equal protection of the law by treating him differently from other prisoners due to his indigence.  The United States Court of Appeals for the Sixth Circuit rejected similar arguments in *Wilson v. Yaklich*, 148 F.3d 596, 604-05 (6th Cir. 1998).  Thus, this Court correctly denied Plaintiff's application for leave to proceed without prepayment of the filing fee for this action.

Plaintiff also contends that § 1915(g) does not apply to him because he was a civil detainee, and not a prisoner, at the time he filed the cases listed as "strikes" in the Court's order of dismissal.  The statute applies to prisoners who are "incarcerated or detained in any facility."  28 U.S.C. § 1915(g).  "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).

The Court's order of dismissal listed the following cases as "strikes":  *Szymanski v. Wayne County Jail, et al.,* No. 5:96-cv-60010 (E.D. Mich.  Mar. 6, 1996); *Szymanski v. Detroit Police Dep't, et al.*, 4:96-cv-40426 (E.D. Mich. Jan. 24, 1997); *Szymanski v. Gheesling, et al.*, No. 2:95-cv-73577 (E.D. Mich. Jan. 10, 1996); *Szymanski v. Zilli*, *et al.*, No. 2:95-cv-72428 (E.D. Mich. July 31, 1995); and *Szymanski v. Peppler*, No. 2:89-cv-73061 (E.D. Mich. Nov. 14, 1989).  Plaintiff listed the Wayne County Jail as his address in the first four cases, and he was confined at the Federal Correctional Institution in Milan,

Michigan when he filed the fifth case.  Although the documents in some of those cases cannot be viewed by computer, the Court has been able to determine that, in case number 4:96-40426, Plaintiff complained about being arrested and falsely charged with a crime.  And in case number 2:89-73061, Plaintiff alleged that his criminal defense attorney committed legal malpractice.  These allegations and the fact that the defendants in the five cases at issue are persons and entities associated with criminal matters suggest that Plaintiff was incarcerated or detained as a result of criminal charges or convictions.  He has not produced any evidence to the contrary.  The Court therefore rejects Plaintiff's argument that he was a civil detainee at all times in question and that § 1915(g) does not apply to him.

For all the reasons given above, Plaintiff's motion to remove the "strikes" and to allow him to proceed *in forma pauperis* [Docket No. 5, filed Aug. 9, 2012] is **DENIED**.

IT IS SO ORDERED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  January 28, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 28, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager